# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **YVONNE McGHEE,** | : | |
| **Plaintiff** | : | |
| v. | : | 5:06-CV-397 (WDO) |
| **CITY OF FORSYTH, et al.,** | : | |
| **Defendants** | : | |

## ORDER

Plaintiff Yvonne McGhee has been employed by the City of Forsyth since November 2002. Plaintiff, who is African-American, filed an EEOC Charge of Discrimination on December 5, 2005 claiming that the City did not hire her for several positions based on her race. After receiving a Notice of Right to Sue, Plaintiff filed this lawsuit alleging violations of Title VII and a claim pursuant to 42 U.S.C. §1983. The case is now before the Court on Defendants' motion to dismiss and motion for a more definite statement.

Defendants seek dismissal of Plaintiff's Title VII claims against the individual defendants arguing they are not subject to suit pursuant to Title VII. They also seek dismissal of the Title VII claims they contend are procedurally barred because they were not included in the EEOC Charge. Defendants further contend that Plaintiff failed to establish a prima facie case of discrimination. Finally, Defendants seek a more definite statement of Plaintiff's 42 U.S.C. §1983 claims.

A complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In the case at bar, the Title VII claims against the individual defendants must be dismissed because individual capacity suits under Title VII are inappropriate. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Defendants also argue that some of the allegations of discrimination occurred more than 180 days before the EEOC complaint was filed and thus those claims are procedurally barred. Plaintiff contends those claims should be considered pursuant to the "continuing violation theory." "In determining whether a discriminatory employment practice constitutes a continuing violation, this Circuit distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." Stuart v. Jefferson County Dept. of Human Resources, 152 Fed. Appx. 798, 800 (11th Cir. 2005). "An employer's failure to promote is a discrete act or single occurrence and therefore the continuing violation doctrine does not apply." Id. at 800-801 (citation omitted). Because it is unclear at this time whether the facts and circumstances regarding the jobs for which Plaintiff applied would place her claims within a continuing violation theory analysis, the Court cannot dismiss those claims as procedurally barred. Defendants also claim that, because an African-American replaced Plaintiff, Plaintiff is unable to establish a prima facie of discrimination. However, in this circuit, the court of appeals has been unwilling to adopt that factor as a per se rule for finding a plaintiff

failed to state a claim of discrimination. See Edwards v. Wallace Community College, 49 F.3d 1517, 1521 (11th Cir. 1995) (a district "court must consider whether the fact that a minority was hired overcomes the inference of discrimination otherwise created by the evidence presented by the plaintiff.") (citing Howard v. Roadway Express, Inc., 726 F.2d 1529, 1534-35 (11th Cir.1984)).  Without the benefit of discovery to review the facts involved, the Court is unable to dismiss her Title VII claim on that basis.  Finally, Defendants contend Plaintiff failed to articulate a claim pursuant to 42 U.S.C. § 1983 and that before they can present an argument in defense thereof Plaintiff should more clearly state what she contends supports her § 1983 claim.  Plaintiff's § 1983 claim was stated in a very vague and ambiguous manner in the complaint, and the arguments in her response brief did very little to clarify the claim.  It appears Plaintiff perhaps intended to state an Equal Protection claim pursuant to § 1983, although she failed to state precisely what occurred that would constitute an Equal Protection violation.  It is also unclear whether Plaintiff intended to simply restate her Title VII in the § 1983 claim, whether she intended to assert the Title VII claim pursuant to § 1983 or whether there are some facts that actually support a separate Equal Protection claim.  Plaintiff therefore must restate her Equal Protection claim to include the facts which support said claim, what individual defendant(s) or entity engaged in the alleged acts that support the claim, what custom or policy of the City contributed to the alleged violation and how the alleged acts constitute an Equal Protection claim.

Based on the foregoing, the Title VII claims against all of the individual defendants

are DISMISSED and Plaintiff is ordered to provide a more definite statement of her 42 U.S.C. § 1983 claim(s).

SO ORDERED this 15th day of March, 2007.

S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE