IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

YVONNE McGHEE, :
 :
    **Plaintiff** :
 :
    v. : 5:06-CV-397 (WDO)
 :
CITY OF FORSYTH and JANICE :
HALL, City Clerk, :
 :
    **Defendants** :

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 23) in which Defendants seek summary judgment on Plaintiff's remaining employment discrimination claims.[1] Upon review of the evidentiary materials submitted by the parties, the arguments of counsel, and the relevant legal authorities, the Court finds that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law. For the reasons explained herein, Defendants' Motion for Summary Judgment on the remaining claims is therefore **GRANTED**.

Plaintiff Yvonne McGhee is a 53-year-old black woman who has been employed since November 11, 2002 by the City of Forsyth, in the office of the City Clerk. During the relevant time period, her supervisor was Janice Hall, the City Clerk. Plaintiff was initially hired as a Customer Service Representative, and later was assigned the additional duties of a Cable Clerk, responsible for billing and customer service functions associated with the cable television service provided by

---

[1] The Court has, in prior orders (Docs. 14 and 22), dismissed Plaintiff's Title VII claims against the individual defendants, ordered Plaintiff to file a more definite statement of her claims, dismissed Plaintiff's claim that she was unlawfully denied a promotion in October of 2004, dismissed Plaintiff's Section 1983 claims against the Mayor and City Council, and dismissed Plaintiff's Section 1983 claims against the City of Forsyth.

1

the City. It is disputed whether this assignment of additional duties represented a promotion or whether Plaintiff received a pay increase with the new assignment.

In her suit, Plaintiff contends that she was denied promotions based on her race and that she experienced a "disparate work environment" at the clerk's office. Plaintiff refers to three specific promotions that she did not receive. In January 2005 the position of City Court Clerk was assigned to Janet Eldridge, a white female. In July 2005, the position of Payroll and Accounts Payable Clerk was assigned to Karen Hartley, also a white female. In September 2006, the position of Lead Customer Service Representative was assigned to Aletta May, a black female. Plaintiff contends that she was qualified for these positions, but was denied the promotions because of her race. With regard to her "disparate work environment" claim, Plaintiff contends that the atmosphere at the office was "real tense." McGhee Dep., p. 90. As examples of the disparate environment, Plaintiff has testified that she was not allowed to eat at her desk while white employees were, that she was frequently called into the office and yelled at by Hall, and that she "was unable to do anything right and could not please anyone." Id.

Plaintiff's discrimination claims ultimately fail because she has failed to produce evidence sufficient to support a finding of discriminatory intent in the adverse employment actions that she alleges. Summary judgment is appropriate when the pleadings, depositions and affidavits show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Supreme Court has explained that the moving party's burden may be discharged "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In Celotex, the Court held that summary judgment is appropriate when a party

2

> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Id. at 322-23. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact." Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000). Finally, "the summary judgment rule applies in job discrimination cases just as in other cases. No thumb is to be placed on either side of the scale." Id. at 1026.

In a race discrimination case under Title VII, the fundamental element that a plaintiff must prove is that the employer's adverse actions were motivated by the employee's race. "Title VII prohibits an employer from 'discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir. 1999) (citing 42 U.S.C. § 2000e-2(a)(1)). "A plaintiff in a Title VII action may attempt to show this discrimination by offering either direct or circumstantial evidence." Id. (citation omitted).

Direct evidence of discrimination is evidence, that, 'if believed, proves the existence of a fact in issue without inference or presumption.'" Vickers v. Federal Express Corp., 132 F. Supp.2d 1371, 1378 (S.D. Fla. 2000). Such evidence is generally comprised of specific statements, conduct or attitudes by employment decision makers that reflect a bias or discriminatory animus toward a particular protected class. Plaintiff McGhee has presented no evidence of any statements or other conduct by any of the defendants that indicated Plaintiff failed to receive any of the promotions or

was otherwise subjected to discriminatory acts because she is black, nor is there any evidence in the record that could be construed as direct evidence of discrimination.

Because direct evidence of discriminatory intent is rare and difficult to come by, courts have developed a framework for proof of discrimination by circumstantial evidence. See, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). Within that burden-shifting framework, it is initially a plaintiff's burden to prove a *prima facie* case of discrimination.. To establish a prima facie case of discrimination on a failure-to-promote claim using circumstantial evidence, a plaintiff must make a showing that: (1) she is a member of a protected class; (2) she was qualified for, and applied for, the position in question; (3) she was rejected for the position despite her qualifications; and (4) another equally or less qualified employee, who is not a member of the plaintiff's protected class, was promoted to the positions. Adams v. Cobb County School Dist., 2007 WL 1720430, at *2 (June 15, 2007) (citing Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1089 (11th Cir.2004)).

With regard to the City Court Clerk position, the record shows that Janet Eldridge was hired as a part-time clerk in January of 2005, then moved to a full-time position in the summer. Plaintiff contends that the part-time position was not posted, but in the record there is a document titled "Job Announcement" describing the position and directing interested persons to notify Janice Hall in writing by January 7, 2005. McGhee Dep., Ex. 4. There are also written applications from six employees, all dated before January 7. Two of these applications are actually handwritten on the job posting. Nevertheless, Plaintiff at one point in her deposition testified that the position was not posted. McGhee Dep., p. 50. She did not apply for the position.

Where an employer fails to post a position and thereby deprives an employee of the

opportunity to apply, "the plaintiff may establish a prima facie case . . . without demonstrating that he or she applied for an available promotion." Wilson v. Walgreen Co., Inc., 2006 WL 1794749, at *4 (M.D. Ala. June 28, 2006) (citing Carmichael v. Birmingham Saw Works, 738 F.2d 1126 (11th Cir. 1984)). "Instead, the plaintiff merely has to demonstrate that the employer 'had some reason or duty to consider him or her for the post.'" Id. (quoting Carmichael, 738 F.2d at 1133)). The plaintiff may do this by showing that she met the employer's objective qualifications for the job in question. Vessels v. Atlanta Independent School System, 408 F.3d 763, 769 (11th Cir. 2005).

Plaintiff has failed to establish a prima facie case of discrimination with regard to the court clerk position because she has failed to show that she applied for the job and because she has failed to show that she was equally or more qualified for the job than the woman who received it. Even if Plaintiff is correct in her recollection that the job was never posted, there is nothing in the record to indicate that Hall had any reason or duty to consider her for the post, particularly when there were six other applicants for the job. There is also nothing in the record to show that Plaintiff was equally or more qualified for the position than Eldridge. With regard to Eldridge's qualifications, Hall testified that she had been assisting with the court for a about a year when she was given the full-time position. Hall Dep., p. 27. Hall's testimony indicates, then, that Eldridge had experience working with the court for as much as six months before receiving the part-time position. Before becoming the part-time clerk, Eldridge was employed as a dispatcher in the police department, experience that Hall characterized as "very beneficial when you work with the court." Id. Plaintiff has offered no evidence to dispute Hall's claims or to support a finding that her qualifications were equal to or greater than Eldridge's.

5

With regard to the payroll and accounts receivable position, there is likewise a lack of evidence to show that the woman who received the job, Karen Hartley, was less qualified than Plaintiff. With regard to Hartley's qualifications, Hall has testified that Hartley had previous experience working with finance companies, and also had experience with invoicing and maintaining time cards. Hall Dep. 25. Plaintiff has presented no evidence to dispute Hall's testimony as to Hartley's qualifications and testified that she did not know whether Karen Hartley had fewer credentials or experience. McGhee Dep., p. 101,110. She knows nothing about Karen Hartley's qualifications. Id. at 110.

Meanwhile, the record indicates that Plaintiff was no more than minimally qualified for the position. She concedes that she has no experience in accounts payable. McGhee Dep., p. 101. She has no experience with payroll. Id. She has no experience handling insurance matters. Id. She has never assisted employees in processing insurance claims. Id. at 102. She has no experience recording time sheets and time cards and checking them for accuracy. Id. She has no experience maintaining records of employee absences, sick time and vacation time. Id. She has no experience maintaining records of personal time earned and used. Id. She has never maintained records of garnishments, child support, bankruptcy, and other deductions for employees. Id.at 102-103. She has never remitted state taxes on behalf of employees. Id. at 103. She has never kept personnel files or handled FMLA paperwork. Id. She has no experience in computerized accounting. Id. The above are all expectations and qualifications for the position of Accounts Payable and Payroll Clerk. McGhee Dep., Ex. 5.

Finally, with regard to the lead customer service clerk position, Plaintiff has failed to present sufficient evidence to support a prima facie case because it is undisputed that the position was given

6

to a black female. There is therefore no evidence that the position was given to someone outside Plaintiff's protected class. In the absence of any direct or circumstantial evidence that Plaintiff was denied promotions because of racial discrimination, Defendant is entitled to summary judgment as to the failure-to-promote claims.

Plaintiff's "disparate work environment" claim also fails to pass the test of summary judgment. Plaintiff has broadly alleged that she was discriminatorily disciplined and that white employees, in general, had a more satisfactory work environment. To prove a hostile work environment claim under Title VII, Plaintiff must present proof that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)). She must also prove that this harassment was based on a protected characteristic. Id. To prove discriminatory discipline, Plaintiff must show that she suffered an adverse employment action and that similarly situated employees outside of her protected class were treated more favorably. Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006).

With regard to most of her work environment claims, Plaintiff has failed to show that the treatment of which she complains was based on her race, or that white employees were treated any differently. Plaintiff complains that Defendant Hall and councilwoman Sandra Dews yelled at her, but concedes that Hall and Dews also yelled at other employees, including white employees. McGhee Dep., pp. 57-61. Plaintiff also complains about four occasions on which Hall called her into the office to reprimand her for poor performance. She admits that she knows nothing about the

7

quantity or quality of reprimands issued to white employees. Id., pp. 88-89.

As another aspect of the "disparate environment" Plaintiff complains that she was not allowed to eat breakfast at her desk, while white employees continued to do so. Neither this action nor the four meetings with Hall are sufficient to establish the level of severe and pervasive conduct necessary to support a claim of discrimination. The essence of Plaintiff's claims is that Defendant Hall "really just hurt my feelings a couple times . . . just being the boss." McGhee Dep., p. 119. Hurt feelings are not sufficient to establish a cause of action, however. "The protections of Title VII simply do not extend to 'everything that makes an employee unhappy.'" Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1242 (11th Cir. 2001) (quoting Robinson v.City of Pittsburgh, 120 F.3d 1286, 1300 (3rd Cir. 1997)). "Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would not form the basis of a discrimination suit.'" Id. Title VII does not enact "a general civility code" for the workplace. Baldwin v. Blue Cross/Blue Shield of Alabama, 480 F.3d 1287, 1302 (11th Cir. 2007).

Finally, although Plaintiff does not allege an Equal Pay Act claim, she alleges in the context of her "disparate work environment" claim that a white employee received more pay than she did. Plaintiff contends that she once saw the pay stub of Stacy Maddox and knew that Maddox made more money than she did. She has not shown that this disparity of pay has any relevance to her claims, in that Maddox was employed in a completely different position. Maddox was the court clerk, a position that Plaintiff has elsewhere characterized as a promotion from Plaintiff's position as a customer service clerk. Because Maddox was not similarly situated to Plaintiff or in a comparable position, this disparity of pay does nothing to indicate discrimination.

In the absence of evidence to support a prima facie case of discrimination, Plaintiff has failed

to create genuine issues of material fact that merit a trial of this case, and Defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is therefore granted.

**SO ORDERED**. This 7th day of December, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw